UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-353-W |
| ) | |
| ANITA TRAMMELL, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed his initiating document, which is construed as a Petition seeking habeas corpus relief under 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). For the following reasons, it is recommended that this action be dismissed for lack of jurisdiction. *See* R. 4, Rules Governing Section 2254 Cases in the United States District Courts.

In his Petition, filed April 10, 2014, Petitioner challenges his convictions and sentences entered in the District Court of Oklahoma County, Oklahoma, in Case No. CF-1995-1195.[1] Petitioner alleges in the Petition that the state court lacked subject matter jurisdiction to convict and sentence Petitioner regarding two counts of that four-count state criminal proceeding. *See* Pet. at 1-2. Petitioner additionally asserts that he was

---

[1] Petitioner was convicted of the offenses of: attempted robbery with a firearm after former conviction of two or more felonies; pointing a firearm at another after former conviction of two or more felonies; and possession of a firearm after former conviction of two or more felonies. A fourth count was dismissed by request of the State. *See State v. Knox*, No. CF-1995-1195 (Okla. Cnty., Okla. Dist. Ct. filed Feb. 22, 1995) (docket publicly available through http://www.oscn.net).

subjected to unlawful double jeopardy and excessive sentencing due to the state court's treatment of his separate criminal counts. *See* Pet. at 4-5.

In 2010, Petitioner filed a 28 U.S.C. § 2254 action in this Court challenging the same convictions and sentences entered in Case No. CF-1995-1195. *See Antoin Lamond Knox v. Workman*, No. CIV-10-1181-W, 2011 WL 643423 (W.D. Okla. Feb. 11, 2011). The action was dismissed as untimely filed pursuant to 28 U.S.C. § 2244(d). In connection with this finding, the Court determined that Petitioner had not demonstrated actual innocence or other extraordinary circumstances that would excuse the untimeliness of the action. *See id.* The United States Court of Appeals for the Tenth Circuit denied Petitioner's request for a certificate of appealability. In its order denying the request, the appellate court found that this Court "correctly ruled that Knox's § 2254 petition is time-barred" and that "[n]o reasonable jurist could dispute the . . . [C]ourt's determination." *See Knox v. Workman*, 425 F. App'x 781, 783-84 (10th Cir. June 13, 2011). The United States Supreme Court denied Petitioner's petition for a writ of certiorari. *See Knox v. Workman*, 132 S. Ct. 269 (2011) (mem.).

In 2012, Petitioner filed a second 28 U.S.C. § 2254 action in this Court, again challenging his convictions and sentences in Case No. CF-1995-1195. *See Antone Lamandingo Knox v. Trammell*, No. CIV-12-1393-C, 2013 WL 1908313 (W.D. Okla. May 7, 2013). The Court found that the petition was second or successive to his previous habeas petition. The Court further found that it lacked jurisdiction to consider the merits of the claims asserted by Petitioner because he had not been authorized by the Tenth

Circuit Court of Appeals to bring a second or successive § 2254 action in the district court and dismissed the petition. *See id.*; 28 U.S.C. § 2244(b)(1).

In 2013, Petitioner filed a third 28 U.S.C. § 2254 action in this Court challenging his convictions and sentences in Case No. CF-1995-1195. *See Antone Lamandingo Knox v. Trammel*, No. CIV-13-925-W, 2013 WL 5460826 (W.D. Okla. Sept. 30, 2013) (raising lack of subject matter jurisdiction, double jeopardy, and excessive sentencing claims). The Court found that the petition was successive to his previous habeas petitions. The Court further found that it lacked jurisdiction to consider the merits of the claims asserted by Petitioner because he had not been authorized by the Tenth Circuit Court of Appeals to bring a second or successive § 2254 action in the district court. *See id.* (citing 28 U.S.C. § 2244(b)(1)). The Court additionally found that it would not further the interests of justice to transfer the action to the Tenth Circuit because Petitioner's claims were time-barred and dismissed the petition. *See id.*

In the instant matter, there is no indication that Petitioner has received an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider this, his fourth Petition challenging the same convictions and sentences. Petitioner attempts to bypass this requirement by characterizing his Petition not as a request for habeas relief, but as a motion seeking relief from the underlying state-court judgment under Federal Rule of Civil Procedure 60(b). *See* Pet. at 1-11. Rule 60(b), however, is a rule of federal procedure prescribing the practice for obtaining relief from a judgment in the federal court that rendered the judgment. Neither that Rule nor federal habeas review permits this Court to effectively overrule the state court's previous

3

judgments. *See* Fed. R. Civ. P. 60(b); 28 U.S.C. § 2254 (prescribing that federal habeas relief may be granted only on the ground that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"). "Federal courts are not forums in which to relitigate state trials." *Tuttle v. State of Utah*, 57 F.3d 879, 883 (10th Cir. 1995) (internal quotation marks omitted).

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). "When there is no risk that a meritorious successive § 2254 claim will be lost" absent a transfer, the district court properly may exercise its discretion to dismiss the petition. *Id.*; *see also* 28 U.S.C. § 2244(b)(1) (prescribing that a previously presented claim presented in a second or successive § 2254 application "shall be dismissed"). In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b) to obtain authorization to proceed with a successive habeas petition. By statute, an application to proceed with a second or successive habeas petition

> shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for

> constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

Petitioner's habeas claims do not rely on a new rule of constitutional law or newly discovered evidence. Nor has he presented underlying facts sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses. Moreover, as this Court and the Tenth Circuit Court of Appeals previously concluded, the limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), adopted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and governing the filing of a habeas petition by Petitioner, expired long ago. *See Knox v. Workman*, 425 F. App'x at 783. Hence, Petitioner's claims challenging his convictions and sentences in Case No. CF-1995-1195 are time-barred by operation of § 2244(d)(1)(A).

Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). *See Knox v. Workman*, 425 F. App'x at 783; *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that under § 2244(d)(2) "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations"). Petitioner has also failed to demonstrate extraordinary circumstances warranting the application of equitable tolling principles to extend the 28 U.S.C. § 2244(d) limitations period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that federal habeas petition is subject to equitable tolling only in "rare and exceptional circumstances" (internal quotation marks omitted)).

Petitioner previously argued in Case No. CIV-13-925-W that his claim the state court lacked subject matter jurisdiction over the criminal proceeding can never be waived. *See Knox v. Trammel*, 2013 WL 5460826, at *3. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). As was recognized by this Court in dismissing Petitioner's petition, however, the Tenth Circuit has held in unpublished opinions that similar due process claims were subject to dismissal for untimeliness on habeas review. *See Knox v. Trammel*, 2013 WL 5460826, at *3; *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (affirming dismissal of claim that trial court lacked jurisdiction as untimely); *United States v. Patrick*, 264 F. App'x 693, 694-95 (10th Cir. 2008) (same).

This Court has previously explained to Petitioner the statutory authorization requirements of 28 U.S.C. § 2244(b). The Petition nevertheless does not reflect any attempt to seek the required authorization. Although the Court may transfer the action to the appellate court "if it is in the interest of justice to do so under § 1631," *see In re Cline*, 531 F.3d at 1252, in this case it would not further the interest of justice to transfer the action because it is time-barred. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (holding that dismissal of petitioner's first petition as time-barred was decision on the merits and subsequent habeas petition challenging same conviction is second or successive and subject to AEDPA's requirements). "[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction

'second or successive' petitions under § 2244(b)." *Id.* (internal quotation marks omitted). Accordingly, this action should be dismissed for lack of jurisdiction.

**RECOMMENDATION**

As outlined above, it is recommended that the Petition for habeas corpus relief (Doc. No. 1) be dismissed for lack of jurisdiction. Upon adoption of this Report and Recommendation, Petitioner's pending motions (Doc. Nos. 3, 4) should be denied.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 5th day of May, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation would waive the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 14th day of April, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE