IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

MAY 0 5 2014

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ tvh _____ DEPUTY

ANTONE LAMANDINGO KNOX, )
)
Petitioner, )
)
vs. )                          No. CIV-14-353-W
)
ANITA TRAMMEL, Warden, )
)
Respondent. )

## ORDER

Petitioner Antone Lamandingo Knox, proceeding pro se, commenced this action by filing a document entitled "Ex Parte Motion for [Rule] 60(B)(1) Thru (6)," see Doc. 1, and the matter was referred to United States Magistrate Judge Charles B. Goodwin for among other things preliminary review. After properly construing Knox's motion as a petition seeking a writ of habeas corpus under title 28, section 2254 of the United States Code, Magistrate Judge Goodwin on April 14, 2014, issued a Report and Recommendation and recommended that the Court dismiss this action for lack of jurisdiction. Knox was advised of his right to object, see Doc. 8 at 7, and the matter now comes before the Court on Knox's Ex Parte Objection to Magistrate['s] Report [and] Recommendation [Doc. 9].

Upon de novo review of the record, the Court concurs with Magistrate Judge Goodwin's suggested disposition of this matter. Knox has again challenged his state court convictions and sentences, see State v. Knox, No. CF-1995-1195, and the United States Court of Appeals for the Tenth Circuit has held in such instances that "[w]hen a . . . successive [section] 2254 . . . claim is filed in the district court without . . . authorization from . . . [the appellate] court, the district court may transfer the matter to th[e] [appellate]

court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . [matter] for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(per curiam)(citations omitted). The Tenth Circuit has further ruled that "[w]here there is no risk that a meritorious successive [section 2254] claim will be lost absent a . . . transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter to th[e] [appellate] court for authorization," id. (citation omitted), and instead dismisses the action.

Knox has not sought the required authorization, and because no meritorious claim will be lost absent transfer, the Court finds in its discretion that it would not further the interest of justice to transfer this action to the Tenth Circuit. Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 8] filed on April 14, 2014;[1]

(2) DISMISSES the action without prejudice for lack of jurisdiction; and

(3) as Magistrate Judge Goodwin recommended, DENIES Knox's Ex Parte Request for a[n] Evidentiary Hearing and Rule 8 Hearings [Doc. 3] and Motion for Leave to Proceed in Forma Pauperis [Doc. 4], both file-stamped April 10, 2014.

ENTERED this _5th_ day of May, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1]In so doing, the Court FINDS no merit to Knox's assertion that the Report and Recommendation should be deemed moot due to a conflict of interest, bias and prejudice on the part of Magistrate Judge Goodwin, see Doc. 9 at 4, and therefore DECLINES Knox's request that the Court "order a new R&R from [a] different mag[istrate] judge." Doc. 9 at 12.